IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARILYN NIKOLAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BOLDPLANNING, INC., a Tennessee for profit corporation, FULTON WOLD, an individual, RICK WIMBERLY, an individual, and ED WOLFF, an individual,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>JURY DEMAND |

Plaintiff Marilyn Nikolas, through her attorney of record Alan D. Schuchman of Skellenger Bender, P.S., by way of Complaint against Defendants BOLDplanning, Inc., Fulton Wold, Rick Wimberly, and Ed Wolff, asserts as follows:

**I.   PARTIES**

1. Plaintiff Marilyn Nikolas is, and at all times relevant to the matters set forth in this Complaint was, a resident of Clark County, Washington.

2. Defendant BOLDplanning, Inc. (henceforth "BOLD" or "BOLDplanning") is, and at all times relevant to the matters set forth in this Complaint was, a Tennessee for profit

COMPLAINT – 1

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2790951.docx

corporation with its principal place of business in Nashville, Tennessee, and actively engaged in conducting business in Washington and around the Country.

3. Defendant Fulton Wold is the CEO and co-founder of Defendant BOLDplanning. On information and belief, he is a resident of Tennessee or some state other than Washington.

4. Defendant Rick Wimberly is the CFO of Defendant BOLDplanning. On information and belief, he is a resident of Tennessee or some state other than Washington.

5. Defendant Ed Wolff is a Vice President of Defendant BOLDplanning. On information and belief, he is a resident of Tennessee or some state other than Washington.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 *et seq*.

8. Ms. Nikolas respectfully demands a trial by jury for her claims, pursuant to LCR 38(b).

## III. FACTUAL SUMMARY

9. BOLDplanning is the leading developer of online software for Emergency Operations Planning (EOP), Continuity of Operations Planning (COOP), Business Continuity Planning (BCP), and Hazard Mitigation Planning (HMP).

10. BOLDplanning distinguishes itself by offering both online planning software and support as well as planning services consulting provided by employees and purported independent contractors around the Country.

COMPLAINT – 2

11. Ms. Nikolas worked for BOLDplanning for more than eight years developing leads, securing business, and providing planning services and training to BOLD clients. Ms. Nikolas worked with the clients she obtained, instructed them how to create various plans such as Continuity of Operations, Hazard Mitigation, Emergency Operations, and other plans. She also trained the clients on managing and administering such plans in the BOLD software program.

12. When BOLD first began using Ms. Nikolas in 2009, it required her to sign a contract as though she were an independent contractor. Ms. Nikolas signed the contract, which expired on December 31, 2010. Ms. Nikolas has never signed another contract with BOLD but has continued throughout the years to work fulltime for BOLD. However, at the same time, Ms. Nikolas was also required to complete an I9 form.

13. BOLD has consistently treated Ms. Nikolas as an employee in day-to-day work but has treated Ms. Nikolas as an independent contractor when it compensated her and in other areas (e.g., failed to make the necessary employment withholding (e.g., FICA, FUTA, etc.), failed to pay overtime, failed to pay her on a timely basis, failed to provide her employee benefits, etc.).

14. When BOLD hired Ms. Nikolas in 2009, it notified her by email of "the great news that you will be joining the team . . ." and provided her a BOLDplanning email address.

15. BOLD has relied on the cover of its calling Ms. Nikolas an independent contractor to fail to pay, or slow pay, Ms. Nikolas for work she performed for BOLD. It also failed to provide Ms. Nikolas with applicable employee benefits.

COMPLAINT – 3

16. However, under the appropriate legal standard, Ms. Nikolas is an employee of BOLD and not an independent contractor. Various examples of the indicia of her true status as an employee include but are not limited to:

(a) Ms. Nikolas was required to complete an I9 form when she was hired;

(b) Ms. Nikolas had to authorize a background check when she was hired for "employment, promotion, reassignment or retention as an employee;"

(c) Ms. Nikolas performed the exact same work as other individuals who were BOLDplanning employees;

(d) BOLD provided Ms. Nikolas an Employee Handbook. She was also provided new versions by BOLD when they were released;

(e) Ms. Nikolas had a BOLDplanning email address;

(f) Ms. Nikolas was provided BOLDplanning business cards bearing her name, the title of Regional Client Manager, and showing her address as the corporate headquarters;

(g) Ms. Nikolas had access to all internal BOLD systems and software;

(h) Ms. Nikolas was required to communicate through Slack – a workplace chat program;

(i) Ms. Nikolas was part of the BOLDplanning Team email group and received all company announcements;

(j) Ms. Nikolas was required to submit weekly situation reports on BOLD letterhead;

(k) Ms. Nikolas was expected to develop sales and marketing strategies for her territories;

COMPLAINT – 4

1         (l)       Ms. Nikolas was provided BOLD letterhead for use with clients;

2         (m)     Ms. Nikolas sometimes trained newly hired employees;

3         (n)     Ms. Nikolas handled all BOLD business in Washington and Oregon over the past ten years from inception to completion of the project;

        (o)     Ms. Nikolas was directed how to perform her job by Defendant Wolff and others and was under BOLD's direction and control when she performed her duties;

        (p)     Ms. Nikolas' skills were included in a BOLD skills matrix for use in marketing BOLD to potential clients in response to Requests for Proposals;

        (q)     BOLD required Ms. Nikolas to maintain certain industry certifications and paid for her to do so;

        (r)     Ms. Nikolas was provided with a corporate credit card for her expenses, and BOLD payed her business expenses;

        (s)     Ms. Nikolas was provided with stock options;

        (t)     Ms. Nikolas was given bonuses;

        (u)     Ms. Nikolas was required to keep her corporate calendar up to date so that management could know exactly what she was doing;

        (v)     Ms. Nikolas was required to attend certain mandatory employee meetings;

        (w)    Ms. Nikolas was referred to as "Regional Manager BOLDplanning, Inc." on a BOLD blog post that still resides on its website;

        (x)     Ms. Nikolas had no investment in her own business;

        (y)     Ms. Nikolas did not provide services to any company other than BOLD and to any client other than through BOLD despite requests from clients to do so;

COMPLAINT – 5

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2790951.docx

(z)     Ms. Nikolas had little ability to impact her income through her management of her work as the rates she was paid were dictated solely by BOLD on a take it or leave it basis; and

(aa)    The services provided by Ms. Nikolas are an integral and necessary part of BOLD's business.

17.     Ms. Nikolas provided invoices to BOLD at their direction for the work she performed. Many of those invoices are unpaid and some unpaid invoices date back as far as one year.

18.     Ms. Nikolas also performed work, attended mandatory meetings, and other company requirements that were never reflected on the invoices at the direction of BOLD and for which she has therefore never been paid.

19.     Despite being an employee for all intents and purposes, BOLD has failed to pay Ms. Nikolas for her work in an amount now exceeding one hundred and fifty thousand dollars ($150,000).

20.     Ms. Nikolas has also regularly worked more than 40 hours per week without being compensated for overtime.

21.     The individual Defendants were all in positions of sufficient authority or control to address these violations of which they were aware.

22.     BOLD's failure to pay Ms. Nikolas for her hours of work amounts to violations of state and federal wage laws.

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

### IV. FIRST CAUSE OF ACTION
### VIOLATION OF THE FLSA

23. Ms. Nikolas repeats and realleges the allegations of paragraphs 1 through 22 as though fully restated herein.

24. Defendants failed to properly pay Ms. Nikolas for her work as an employee of BOLDplanning.

25. The individual Defendants are all employers under the FLSA.

26. Defendants showed reckless disregard for the fact that their failure to pay Ms. Nikolas was in violation of the law.

27. Ms. Nikolas has been damaged as a result in an amount to be proven at trial and is also entitled to attorneys' fees, costs, and exemplary damages under the law.

### V. SECOND CAUSE OF ACTION
### MISCLASSIFICATION AS INDEPENDENT CONTRACTOR

28. Ms. Nikolas repeats and realleges the allegations of paragraphs 1 through 27 as though fully restated herein.

29. BOLD misclassified Ms. Nikolas as an independent contractor.

30. Because of the misclassification BOLD did not provide its standard employee benefits to Ms. Nikolas.

31. Ms. Nikolas is entitled to all employee benefits she failed to receive as a result of being misclassified as an independent contractor in an amount and kind to be proven at trial.

COMPLAINT – 7

## VI.   THIRD CAUSE OF ACTION
## VIOLATION OF WASHINGTON MINIMUM WAGE ACT

32. Ms. Nikolas repeats and realleges the allegations of paragraphs 1 through 31 as though fully restated herein.

33. During Ms. Nikolas' employment with BOLDplanning, Defendants failed to pay Ms. Nikolas her wages in a timely fashion as required by RCW Chapter 49.46 and WAC 296-128-035.

34. Upon termination of Ms. Nikolas' employment with BOLDplanning, Defendants failed to pay Ms. Nikolas her wages in a timely fashion as required by RCW Chapter 49.46 and WAC 296-128-035.

35. By failing to pay Ms. Nikolas at various times during her employment Defendants have also violated RCW 49.46.020 in that Ms. Nikolas received less than minimum wage for some hours worked.

36. In addition, Ms. Nikolas frequently worked more than 40 hours in a week and was never compensated for her overtime as required by RCW 46.46.130.

37. Defendants also improperly withheld Ms. Nikolas' wages in violation of RCW 49.52.50.

38. Defendants' withholding of Ms. Nikolas' wages was willful.

39. The individual Defendants are all employers within the definition in RCW 49.46.010.

40. Ms. Nikolas has been damaged as a result in an amount to be proven at trial and is also entitled to attorneys' fees, costs, and exemplary damages under the law.

COMPLAINT – 8

## VII. FOURTH CAUSE OF ACTION
### VIOLATION OF RCW 49.46.210

41. Ms. Nikolas repeats and realleges the allegations of paragraphs 1 through 40 as though fully restated herein.

42. Defendants failed to provide for paid sick and safe leave as required under state law beginning on January 1, 2018.

43. The individual Defendants are all employers within the definition in RCW 49.46.010.

44. Ms. Nikolas has been damaged as a result in an amount to be proven at trial.

## VIII. FIFTH CAUSE OF ACTION
### VIOLATION OF WA CONSUMER PROTECTION ACT

45. Ms. Nikolas repeats and realleges the allegations of paragraphs 1 through 44 as though fully restated herein.

46. By failing to properly treat Ms. Nikolas and others as employees, and thereby failing to properly pay taxes or compete fairly with other similarly engaged businesses, BOLDplanning engaged in an unfair or deceptive act or practice.

47. The act or practice occurred in the conduct of BOLDplanning's trade or commerce.

48. The act or practice affects the public interest.

49. Ms. Nikolas has been damaged in her business as a result of BOLDplanning's acts and practices in an amount to be proven at trial.

50. BOLDplanning was the proximate cause of Ms. Nikolas' injury.

COMPLAINT – 9

### IX.  SIXTH CAUSE OF ACTION
### IN THE ALTERNATIVE—BREACH OF CONTRACT

51. Ms. Nikolas repeats and realleges the allegations of paragraphs 1 through 50 as though fully restated herein.

52. Should the Court determine that Ms. Nikolas is not an employee of BOLDplanning, she is entitled to relief for breach of contract.

53. BOLDplanning had an agreement regarding work for pay with Ms. Nikolas.

54. BOLDplanning breached that agreement on more than one occasion when it failed to pay Ms. Nikolas for work she completed on behalf of BOLDplanning despite being paid by the clients for Ms. Nikolas' work.

55. Ms. Nikolas has been damaged as a result of these breaches in an amount to be proven at trial.

### X.  SEVENTH CAUSE OF ACTION
### IN THE ALTERNATIVE—UNJUST ENRICHMENT

56. Ms. Nikolas repeats and realleges the allegations of paragraphs 1 through 55 as though fully restated herein.

57. Should the Court determine that Ms. Nikolas is not an employee of BOLDplanning and does not have a contract requiring payment, she is entitled to relief for unjust enrichment/quantum meruit.

58. BOLDplanning received a benefit.

59. BOLDplanning received the benefit at the Plaintiff Ms. Nikolas' expense.

60. The circumstances make it unjust for the Defendant BOLD to retain the benefit without payment.

COMPLAINT – 10

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2790951.docx

61. Ms. Nikolas has been damaged as a result of BOLD's receipt of the benefit of her work without compensation in an amount to be proven at trial.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marilyn Nikolas prays for relief against Defendants as follows:

1. Enter judgment in her favor and against Defendants, in an amount to be proven at time of trial or other hearing;

2. Enter an Order that Defendants conduct in failing to pay Ms. Nikolas was willful;

3. Award her reasonable attorneys' fees and expenses of litigation;

4. Award her exemplary damages as permitted by law;

5. Award her prejudgment interest;

6. Permit her to amend her Complaint to conform to proof discovered prior to or offered at time of trial or other hearing; and

7. For such further and additional relief as the Court deems just and equitable.

Dated this 7th day of August, 2018.

    s/Alan D. Schuchman
Alan D. Schuchman, WSBA #45979
SKELLENGER BENDER, P.S.
1301 – 5th Avenue, Ste. 3401
Seattle, WA 98101-2605
Telephone: 206-623-6501
Facsimile: 206-447-1973
Attorneys for Plaintiff Marilyn Nikolas

COMPLAINT – 11