UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARILYN NIKOLAS,<br><br>    Plaintiff,<br><br>  v.<br><br>BOLDPLANNING, INC., et al.,<br><br>    Defendants. | CASE NO. C18-5645 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Marilyn Nikolas's ("Nikolas") motion for partial summary judgment. Dkt. 24. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I.  PROCEDURAL HISTORY**

On August 7, 2018, Nikolas filed a complaint against Defendants BOLDPlanning, Inc. ("Bold"), Rick Wimberly ("Wimberly"), Fulton Wold ("Wold"), and Ed Wolff

("Wolff") (collectively "Defendants") asserting causes of action for violations of the Fair Labor Standards Act (FLSA"), misclassification as independent contractor, violations of Washington's Minimum Wage Act ("MWA"), violation of RCW 49.46.210, violation of Washington's Consumer Protection Act, breach of contract, and unjust enrichment. Dkt. 1.

On March 18, 2020, Nikolas moved for partial summary judgment on issues of liability. Dkt. 24. On April 6, 2020, Defendants responded. Dkt. 29. Nikolas did not reply.

## II.   FACTUAL BACKGROUND

Founded in 2004, Bold is a leading developer of online software for Emergency Operations Planning ("EOP"), Continuity of Operations Planning ("COOP" or "Continuity Plan"), Business Continuity Planning ("BCP"), and Hazard Mitigation. On April 30, 2009, Nikolas signed an Independent Contractor Agreement with Bold. Dkt. 26-1. The agreement had an expiration date of December 31, 2010. *Id.*, Article I.3. Although Nikolas continued to work for Bold after the initial agreement expired, the parties did not enter into another contract.

Due to the lack of a written agreement regarding Nikolas's status, the parties dispute whether she was an employee or an independent contractor and numerous aspects of the employment relationship. For example, Defendants contend that Nikolas "enjoyed full control over her work, and in fact cited to that factor as determinative when she declined [Bold's] offer to hire her as an employee." Dkt. 29 at 9. Nikolas counters that Bold "frequently exerted control over Ms. Nikolas or directed her how to perform her job

like she was a regular employee." Dkt. 24 at 7 (citing Dkt. 26, Declaration of Marilyn Nikolas ("Nickolas Decl."), ¶ 14.). Regarding payment, it appears that Nikolas would regularly submit invoices to Bold for work performed and for reimbursement of relevant expenses. Dkt. 32, Declaration of Fulton Wold, ¶ 8 & Exh. A (table of Nikolas's requests for payment and reimbursements). Nikolas declares that "[d]espite being treated like an employee for most purposes, [she] was not provided with the same benefits employees received, including health insurance, errors and omissions insurance, 17 days' worth of PTO, 401K and the 4% 401K company match, cell phone, computer, and consistent mileage reimbursement." Nickolas Decl., ¶ 17.

The parties' employment relationship worked well despite no written agreement while Peter Hodes ("Hodes") was Chief Executive Officer ("CEO") of Bold. In the summer of 2017, however, Wold bought out Hodes's portion of the company. Then, Wold became CEO and Wimberly became the Chief Operating Officer. Dkt. 33, Declaration of Rick Wimberly ("Wimberly Decl."), ¶ 3. Wimberly declares that he and Fold "wanted clarity from [Nikolas's] invoices because they were difficult to reconcile with [Bold's] customer contracts, and they were difficult to reconcile with the work [Nikolas] performed for [Bold's] customers based on those contracts." *Id.* To this end, they "presented [Nikolas] with options for signing a new agreement as to her title, as well as the proposition that [she] get paid a set amount of money for projects, depending on whether they were performed for clients that were extra small, small, medium, large, or extra-large entities, organizations, or corporations." *Id.* ¶ 5.

1    Nikolas contends that Wimberly was "pressing" her to enter into a new contract.
2    Nikolas Decl. ¶ 19.  She declares that, in February 2018, Wimberly offered her a contract
3    as an employee, which was his first choice, or a contract as an independent contractor,
4    which was his second choice.  *Id.*  Nikolas "was not comfortable with either option being
5    offered because they both required [her] to execute a non-compete agreement and [she]
6    felt like [she] was being set up to sign the agreement just to be let go."  *Id.*  On March 2,
7    2018, Nikolas emailed Wimberly and Wolff suggesting one edit to Bold's proposed
8    independent contractor agreement and stating that she would be available all-day
9    Monday, March 5, 2018 to execute the proposed agreement.  Dkt. 33-2.  It is unclear why
10    the agreement was not executed.

11    On April 11, 2018, Nikolas sent an email to Defendants giving them formal notice
12    of her resignation of her employment with Bold.  Dkt. 33-3.  Nikolas stated that Bold's
13    "ongoing failure to pay [her] in a timely manner [was] no longer sustainable."  *Id.*
14    Nikolas alleged overdue amounts totaling $196,083.01 and attached invoices in support
15    of that amount.  *Id.*  Although Defendants do not dispute some of Nikolas's requests for
16    payment or reimbursements, it is unclear whether Defendants have either paid or offered
17    to pay Nikolas these undisputed amounts.  *See, e.g.*, Dkt. 33-3 at 2 ("BOLD does not
18    dispute that Marilyn was to be paid $12,000 for the project. However, she resigned before
19    the project was completed. BOLD has stipulated that Marilyn is owed $5,000 for the
20    project.").

21

22

## III.  DISCUSSION

Nikolas moves for summary judgment on the issues of whether she was an employee or independent contractor, whether Defendants are willfully withholding wages, and whether the individual defendants are personally liable.  Dkt. 24.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), (c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

1 meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
2 U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630. The Court must resolve any factual
3 issues of controversy in favor of the nonmoving party only when the facts specifically
4 attested by that party contradict facts specifically attested by the moving party. The
5 nonmoving party may not merely state that it will discredit the moving party's evidence
6 at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*
7 *Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,
8 nonspecific statements in affidavits are not sufficient, and missing facts will not be
9 presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

With regard to the burden of proof, "*where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.*" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted); *see also Southern Calif. Gas Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003).

**B.      Employment Status**

In *Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wn.2d 851 (2012) the Washington Supreme Court adopted the "economic-dependence test" to determine whether an individual is an employee or independent contractor. The court recognized that this test was "developed by the federal courts in interpreting the FLSA." *Id.* at 871. Under this test, the "relevant inquiry is 'whether, as a matter of economic reality, the

worker is economically dependent upon the alleged employer or is instead in business for himself.'" *Id.* (quoting *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008)).

In considering the employment status of an individual, the court should consider the following factors:

> 1) The degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; and 6) whether the service rendered is an integral part of the alleged employer's business.

*Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1370 (9th Cir. 1981). The Ninth Circuit has instructed that:

> Neither the presence nor the absence of any individual factor is determinative. Whether an employer-employee relationship exists depends "upon the circumstances of the whole activity," *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947), and ultimately, whether, as a matter of economic reality, the individuals "are dependent upon the business to which they render service." *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947).

*Id.*

Under federal law, as under state law, "[t]he existence and degree of each factor [regarding the status of a person as an independent contractor or employee] is a question of fact while the legal conclusion to be drawn from those facts—whether workers are employees or independent contractors—is a question of law." *Berger Transfer & Storage v. Central States Pension Fund*, 85 F.3d 1374, 1378 (8th Cir. 1996); *see also Herr v. Heiman*, 75 F.3d 1509, 1513 (10th Cir. 1996) ("Whether an individual is an

employee or an independent contractor is generally a question of fact for the jury to decide. Under the [FLSA], even though the question of whether a worker is an independent contractor or an employee is a question of law, the existence and degree of each factor is a question of fact.") (internal quotation marks omitted); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir.1988) ("The existence and degree of each factor is a question of fact while the legal conclusion to be drawn from those facts—whether workers are employees or independent contractors—is a question of law.").

In this case, Nikolas has failed to meet her burden to establish her employment status as a matter of law. For example, the parties dispute the extent of Bold's control over Nikolas's work. It appears that under the former CEO Hodes, Nikolas was given significant leeway to work with customers in her geographic area to train them and implement Bold's materials. *See, e.g.*, *Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1136 (N.D. Cal. 2009) ("the fact that there is a genuine dispute of material fact regarding control alone is enough to preclude summary judgment."). Moreover, Nikolas concedes that she took "extra work" with third parties to provide products and training that Bold did not offer. Nikolas Decl., ¶ 15. Similarly, throughout the relationship the parties appear to have maintained the original payment arrangement as set forth in the executed independent contractor agreement. In light of these disputed facts, Nikolas has failed to establish that no reasonable fact finder could find other than she was a Bold employee, and the Court denies her motion on this issue.

**C.      Willfulness**

In Washington, an employer is subject to enhanced damages if the employer willfully withholds wages due to an employee. RCW 49.52.070. "Ordinarily, the issue of whether an employer acts 'willfully' for purposes of RCW 49.52.070 is a question of fact." *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 160 (1998) (citing *Pope v. University of Wash.*, 121 Wn.2d 479, 490 (1993), *cert. denied*, 510 U.S. 1115 (1994)). If, however, the facts are undisputed, the court may resolve the issue on summary judgment. *Id.*

In this case, there is a mix of disputed and undisputed facts on this issue. First, Bold concedes that some portions of Nikolas's invoices should be paid. Dkt. 29 at 2 ("Defendants' can only find an arguable basis to find $33,684.61 may be owing."). Although Nikolas declares generally that she has not been paid on these invoices, she has failed to establish that Bold willfully refuses to pay these undisputed amounts. Thus, she has failed to conclusively establish a willful denial of wages rightfully owed.

Second, the Court agrees with Defendants that, at the very least, a bona fide dispute exists regarding Nikolas's other requests for payment. For example, Nikolas requests $20,962 for a project for Bold's customer Oregon Metro. Dkt. 32-1 at 3. Defendants assert that Nikolas did not work on this project and that the project was completed by a different contractor. *Id.* This is clearly a bona fide dispute that precludes summary judgment on this request and all other similar requests. *See Schilling*, 136 Wn.2d at 160 (existence of a bona fide dispute precludes a finding of willfulness).

Finally, regarding the individual defendants' personal liability, Nikolas has failed to establish an instance of the willful withholding of wages, which is a necessary element of personal liability. *Ellerman v. Centerpoint Prepress, Inc.*, 143 Wn.2d 514, 519 (2001). Thus, the Court denies Nikolas's motion on this issue as well.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Nikolas's motion for partial summary judgment, Dkt. 24, is **DENIED**.

Dated this 11th day of August, 2020.

BENJAMIN H. SETTLE
United States District Judge