UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARILYN NIKOLAS,<br><br>         Plaintiff,<br><br>    v.<br><br>BOLDPLANNING, INC., et al.,<br><br>         Defendants. | CASE NO. C18-5645 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Marilyn Nikolas ("Nikolas") motion for reconsideration. Dkt. 44.

On March 18, 2020, Nikolas filed a motion for partial summary judgment. Dkt. 44. On April 8, 2020, the Court held a hearing on a discovery motion and extended the noting date of Nikolas's motion and set it for consideration on the Court's May 1, 2020 calendar. Dkt. 34. On August 11, 2020, the Court denied the motion. Dkt. 43. On August 14, 2020, Nikolas filed the instant motion requesting that the Court vacate the order and reserve ruling on the motion until discovery is complete. Dkt. 44. Nikolas argues that reconsideration is warranted because a misunderstanding existed regarding the noting date for her motion. Although the parties intended to renote the motion until

discovery was completed, the proposed order continuing trial and pretrial deadlines did not direct the Clerk to renote the motion. Based on this misunderstanding, Nikolas failed to file a reply and now seeks a vacation of the order so that she may file a reply and submit additional facts to contest Defendants' facts. This is not a plausible solution for a number of reasons including the fact that it violates due process to submit new factual material in a reply brief. *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018) ("Plainly, the practice rules recognize the potential inequities that might flow from the injection of new matter at the last round of briefing."). Therefore, the Court denies Nikolas's motion for reconsideration.

The Court informs the parties that the usual practice is to resolve all legal issue prior to trial. Thus, in some extreme cases, the Court has stricken impending trial dates when it was evident that numerous unresolved legal issues would result in an unnecessarily long jury trial. Having said that, the Court recommends that the parties stipulate to a new dispositive motion deadline so that legal issues that could be resolved prior to trial may be considered.

**IT IS SO ORDERED**.

Dated this 17th day of August, 2020.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2