UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARILYN NIKOLAS,

                    Plaintiff,

          v.

BOLDPLANNING, INC.,

                    Defendants.

CASE NO. C18-5645 BHS

ORDER GRANTING PLAINTIFF'S
RULE 56(D) MOTION AND
DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant Ed Wolff's ("Wolff") motion

for summary judgment. Dkt. 38. The Court has considered the pleadings filed in support

of and in opposition to the motion and the remainder of the file and hereby denies the

motion without prejudice for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On August 7, 2018, Plaintiff Marilyn Nikolas ("Nikolas") filed a complaint

against Defendants BOLDPlanning, Inc. ("Bold"), Rick Wimberly, Fulton Wold, and

Wolff asserting causes of action for violations of the Fair Labor Standards Act ("FLSA"),

misclassification as an independent contractor, violations of Washington's Minimum

Wage Act, violation of RCW 49.46.210, violation of Washington's Consumer Protection

Act, breach of contract, and unjust enrichment. Dkt. 1. On March 18, 2020, Nikolas moved for partial summary judgment on the issue of liability. Dkt. 24. On August 11, 2020, the Court denied her motion. Dkt. 43.

On August 6, 2020, Wolff filed for summary judgment. Dkt. 38. On August 24, 2020, Nikolas responded. Dkt. 50. On August 28, 2020, Wolff replied. Dkt. 53.

## II.   FACTUAL BACKGROUND

Because the parties and the Court are familiar with the factual background of this case, the Court will discuss the factual background only as to the relationship between Wolff and Nikolas. Wolff served as the Vice President of Global Solutions at Bold from January 2018 until November 2018. Dkt. 38 at 2. Nikolas worked with, and she argues reported directly to, Wolff from January 2018 until she left on April 11, 2018. *Id.*; Dkt. 50 at 2.

Wolff asserts that he had no control over payroll, salaries, checks, payments, or invoices beyond forwarding invoices to Rick Wimberly and Fulton Wold. Dkt. 31, Declaration of Ed Wolff ("First Wolff Decl."), ¶ 3. He further asserts that he did not supervise, control, or participate in the process of reconciling the invoices from Nikolas to determine the amount owed to her. *Id.* ¶ 7. Additionally, Wolff argues that he did not have the power to hire and fire employees and did not oversee the employment terms of any Bold employees or independent contractors. Dkt. 39, Declaration of Ed Wolff ("Second Wolff Decl."), ¶¶ 3, 4. Nikolas, on the other hand, argues that Wolff played a major role in treating Nikolas as an employee, rather than an independent contractor, and

directly participated in evaluating and processing payment on her invoices. Dkt. 51, Declaration of Marilyn Nikolas, ¶¶ 5–11, 14–15.[1]

### III.   DISCUSSION

Wolff moves for summary judgment arguing that, as a matter of law, he does not qualify as an employer under any pertinent legal framework and therefore cannot be personally liable for Nikolas's claims against him.

**A.      Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

---

[1] Wolff objects to certain paragraphs found in Nikolas's declaration, arguing that her declaration is inadmissible for lack of personal knowledge and improper lay opinions. Wolff argues that the Court may not take into consideration the objected to paragraphs pursuant to Rule 56(e). However, the Court does not consider the merits of the declarations at this time to decide whether to deny the motion without prejudice pursuant to Rule 56(d); therefore, Wolff's objections are moot.

1    supporting the claimed factual dispute, requiring a judge or jury to resolve the differing

2    versions of the truth. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986); *T.W.*

3    *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

4          The determination of the existence of a material fact is often a close question. The

5    Court must consider the substantive evidentiary burden that the nonmoving party must

6    meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

7    U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630. The Court must resolve any factual

8    issues of controversy in favor of the nonmoving party only when the facts specifically

9    attested by that party contradict facts specifically attested by the moving party. The

10   nonmoving party may not merely state that it will discredit the moving party's evidence

11   at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

12   *Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

13   nonspecific statements in affidavits are not sufficient, and missing facts will not be

14   presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

15         However, if a nonmovant shows by affidavit or declaration that, for specified

16   reasons, it cannot present facts essential to justify its opposition, the court may defer

17   considering the motion, deny the motion, or allow time to obtain affidavits or

18   declarations or to take discovery. Fed. R. Civ. P. 56(d). The nonmovant must show that

19   "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further

20   discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose

21   summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,

22   525 F.3d 822, 827 (9th Cir. 2008). When confronted with a Rule 56(d) motion, the court

1    may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

2    declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ.

3    P. 56(d).

4    **B.    Rule 56(d)**

5         The crux of Wolff's motion for summary judgment and Nikolas's claims against

6    Wolff is whether he qualifies as an employer. The FLSA defines "employer" as "any

7    person acting directly or indirectly in the interest of an employer in relation to an

8    employee[.]" 29 U.S.C. § 203(d). In determining whether an individual is an employer

9    under the FLSA, the Ninth Circuit utilizes the "economic reality" test by asking whether

10   the alleged employer: (1) had the power to hire or fire the employees; (2) supervised and

11   controlled employee work schedules or conditions of employment; (3) determined the

12   rate and method of payment; and (4) maintained employment records. *Gilbreath v. Cutter*

13   *Biological, Inc.*, 931 F.2d 1320, 1324 (9th Cir. 1991). Moreover, to be liable for a

14   wrongful withholding of wages state claim, an individual must be an employer or officer,

15   or vice principal or agent of any employer. RCW 49.52.050.

16        Wolff argues that his legal relationship with Nikolas did not amount to an

17   employer under any of the applicable laws and therefore summary judgment is warranted.

18   Nikolas, on the other hand, asserts that she has not yet had the opportunity to depose

19   Wolff on the relevant issues, which precludes the Court's ruling on summary judgment at

20   this time. Dkt. 50 at 13–14. Nikolas, through the declaration of her attorney as required

21   by Rule 56(d), asserts that she seeks facts regarding Wolff's involvement in Bold's

22   decision to deny her payment requests and about Wolff's oversight and control of her

1    work—all of which go to Wolff's status as an employer of Nikolas. Dkt. 52, ¶2–4. She

2    argues that, because discovery has not yet closed and she still seeks to depose Wolff and

3    Defendants Rick Wimberly and Fulton Wold, this Court should deny or continue Wolff's

4    motion.

5          Wolff, on the other hand, argues that Nikolas has made no effort to investigate the

6    viability of her claims or to depose Wolff since the onset of this case and has waited two

7    months until the close of discovery to depose him. Dkt. 53 at 6–7. Wolff asserts that the

8    Court should therefore not credit Nikolas's plan to conduct targeted discovery on the

9    issue of Wolff's employer status. *Id.* at 7. However, Nikolas has asserted under penalty of

10   perjury that she intends to depose Wolff before the close of discovery on October 6,

11   2020, Dkt. 52, and has satisfied the requirements of Rule 56(d). Therefore, the Court

12   grants Nikolas's 56(d) request and denies Wolff's motion for summary judgment without

13   prejudice. After Wolff's deposition, Wolff may either renote his motion allowing Nikolas

14   sufficient time to respond or file a new motion.

15                                  **IV.   ORDER**

16         Therefore, it is hereby **ORDERED** that Nikolas's Rule 56(d) motion is

17   **GRANTED** and Wolff's motion for summary judgment, Dkt. 38, is **DENIED without**

18   **prejudice**.

19         Dated this 25th day of September, 2020.

20

21

22                                  _____
                                    BENJAMIN H. SETTLE
                                    United States District Judge

ORDER - 6